Filed 3/17/26  P. v. Baidi CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SAEED BAIDI,<br><br>    Defendant and Appellant. | B342174<br><br>(Los Angeles County<br> Super. Ct. No. SA065515) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Vacated and remanded with directions.

Dan E. Chambers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Saeed Baidi contends this case must be remanded because the trial court did not comply with Penal Code section 1172.75[1] when it struck his prior prison term enhancements. The Attorney General agrees, as do we. We vacate Baidi's sentence and remand for a full resentencing hearing consistent with section 1172.75, at which Baidi has a right to be present, represented by appointed counsel, and present evidence and argument in support of any request for further sentencing relief.

## PROCEDURAL HISTORY[2]

In 2008, a jury convicted Baidi of two counts of premeditated attempted murder (§§ 664/187, subd. (a), counts 1 and 2), shooting at an occupied motor vehicle (§ 246, count 3), street terrorism (§ 186.22, subd. (a), count 4), and possession of a firearm by a felon (§ 12021, subd. (a)(1), count 5). As to counts 1, 2, and 5, the jury found true that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). As to counts 1, 2, and 3, the jury further found firearm allegations to be true (§ 12022.53, subds. (b), (c)). Baidi admitted he suffered two prior prison term enhancements (§ 667.5, subd. (b)).

The court sentenced Baidi to a total of two life terms plus 44 years in state prison. As to count 1, the court imposed a life term plus 20 years for the firearm enhancement (§ 12022.53, subd. (c)), plus an additional 2 years for the prior prison term enhancements. The court stayed the remaining firearm enhancements (§ 12022.53, subds. (b), (g)). The court imposed the same

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] We omit a summary of the facts underlying Baidi's convictions as they are irrelevant to the issues on appeal.

2

sentence in count 2.  As to count 3, the court imposed and stayed 15 years to life, plus an additional 2 years for the prior prison term enhancements. (§ 654.)  As to count 4, the court imposed 4 years plus an additional 2 years for the prior prison term enhancements.  As to count 5, the court imposed 2 years, plus 3 years for the gang enhancement, and an additional 2 years for the prior prison term enhancements.  The sentences in counts 4 and 5 were ordered to run concurrently with all other counts.

In 2024, Baidi was identified as an inmate eligible for resentencing pursuant to section 1172.75.  Without conducting a full resentencing hearing, the trial court struck Baidi's prior prison term enhancements.  No party was present, including counsel for Baidi.  The court's ruling resulted in two life terms plus 40 years in state prison.

Baidi timely appealed.

## DISCUSSION

We agree with the parties that Baidi's sentence must be vacated and the matter remanded for a full resentencing hearing consistent with section 1172.75.

Prior to January 1, 2020, section 667.5, subdivision (b) required a court to impose a one-year sentence enhancement for each separate prior prison term served for a nonviolent felony, unless the defendant remained free from custody for at least five years.  (See Stats. 1987, ch. 611, § 1 [§ 667.5, former subd. (b)].)  Effective January 1, 2022, the Legislature retroactively invalidated prior prison term enhancements imposed under section 667.5, subdivision (b) prior to January 1, 2020, unless the term was served for certain sexually violent offenses.  (Sen. Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, §§ 1, 3).)  The Legislature also created

3

procedures, in what is now section 1172.75, for sentencing courts to recall and resentence defendants who were serving prison terms on judgments that included the now invalid enhancement. (Stats. 2021, ch. 728, § 3.)

Under section 1172.75, if a trial court determines a defendant is serving a sentence that includes a now invalid prior prison term enhancement, the court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) At the resentencing hearing, the court must eliminate the repealed prior prison term enhancement. (*Id.*, subd. (d)(1).) But that is not the only thing the court is required to do. Section 1172.75 "provides specific instructions for the resentencing." (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.) The court shall appoint counsel for the defendant (§ 1172.75, subd. (d)(5)) and apply any "changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (*id.*, subd. (d)(2)). Section 1172.75 also permits courts to consider postconviction factors in the resentencing inquiry, including "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

Here, Baidi was eligible for relief under section 1172.75 as his prior convictions used for the prior prison term enhancements were not for a sexually violent offense. (§ 1172.75, subd. (a).) The trial court struck Baidi's prior prison term enhancements. The court, however, was required to conduct a full resentencing hearing, during which Baidi had the opportunity to be present and represented by appointed counsel. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 668, 673–674 [remanding for new hearing under § 1172.75 because defendant was not present at hearing and did not waive his presence]; *People v. Cutting* (2019) 42 Cal.App.5th 344, 346 [defendant's

4

absence from resentencing hearing constitutes federal constitutional error].) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Carter, supra*, 97 Cal.App.5th at pp. 968, 972 [defendant eligible for relief under § 1172.75 is entitled to full resentencing hearing to argue for further relief under other ameliorative changes]; *People v. Coddington* (2023) 96 Cal.App.5th 562, 568 [same].)

We vacate Baidi's sentence and remand the matter for a full resentencing hearing consistent with section 1172.75. Prior to the resentencing hearing, the court shall appoint counsel to represent Baidi. (*Id.*, subd. (d)(5).) Baidi is entitled to be present at the resentencing hearing. (§ 977, subd. (b)(1).) Upon resentencing Baidi, the court shall recalculate his custody credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 40–41 [upon remand, trial court responsible for calculating all days defendant spent in custody prior to resentencing and presentence conduct credits prior to original sentencing].)

## DISPOSITION

The sentence is vacated and the matter remanded to the superior court to conduct a full resentencing in accordance with section 1172.75. Upon the conclusion of the resentencing hearing, the superior court is directed to prepare and file an amended abstract of judgment and to forward a certified copy of the document to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, P. J.

WE CONCUR:

MORI, J.

TAMZARIAN, J.

6